NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRIS-CAMDEN TERMINAL EQUIPMENT, INC., | |
| Plaintiff, | Civ. No. 12-558 |
| v. | OPINION and ORDER |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
| Defendant. | |

THOMPSON, U.S.D.J.

This matter has come before the Court on Defendant Travelers Casualty and Surety Company of America's ("Travelers") Motion to Transfer Venue [docket # 3] brought pursuant to 28 U.S.C. § 1404(a). Plaintiff Harris-Camden Terminal Equipment, Inc. ("Harris-Camden") opposes this motion [5]. The Court has decided this motion after considering the submissions of the parties and without oral arguments. For the following reasons, Travelers' motion is denied.

This case was originally filed by Harris-Camden in the Superior Court of New Jersey for Middlesex County, Law Division. The Complaint [1-1] alleges that Travelers is liable to Harris-Camden for payment on a bond as a result of the failure of Kullman Building Corporation ("Kullman") to pay for the services rendered to it by Harris-Camden. Following the filing of this Complaint, Travelers removed this case to the United States District Court for the District of New Jersey [1]. Travelers now seeks to transfer venue to the Eastern District of Pennsylvania.

Because this case is presently before this Court by operation of the removal statute, 28 U.S.C. § 1441, *et seq.*, a motion for transfer of venue is governed by 28 U.S.C. § 1404. Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a

1

district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The movant bears the burden of establishing that a transfer of venue would be appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied*, 401 U.S. 910 (1971)). When the defendant bears this burden, as Travelers does in this case, "the plaintiff's choice of venue should not be lightly disturbed." *Id.* (internal citations and quotations omitted). Generally speaking, any relevant factor can and should be considered by the Court in making its determination. *See id.* The United State Court of Appeals for the Third Circuit in *Jumara*, for example, provided a non-exclusive list of factors that a Court might consider: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) where the claim arose; (4) the convenience of the parties (including their physical and financial condition); (5) the convenience of the witnesses, "but only to the extent that the witness may actually be unavailable for trial in one of the fora"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations concerning trial; (9) administrative difficulty of court congestion; (10) the local interest of deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80.

   Travelers argues that the following factors militate in favor of a transfer of venue: (1) the bond on which Plaintiff's claim is based has a term mandating that the contract be governed by the laws of Pennsylvania; (2) Pennsylvania is the location of the project that is the subject of the contract between Harris-Camden and Kullman, meaning that witnesses and documents will be located in Pennsylvania; (3) the State of Pennsylvania has a strong public policy favoring resolution of controversies within its jurisdiction that arise out of Pennsylvania's Public Works

Bond Law; (4) Travelers prefers a Pennsylvania forum; and (5) two other cases are currently pending in the Eastern District of Pennsylvania that relate to the same construction project, which means that judicial economy will be served by having this case decided in that court. After taking consideration all of these arguments, the Court is not convinced that a transfer of venue would be appropriate in this case.

     Plaintiff makes several compelling arguments that favor litigating this case within the District of New Jersey. First and foremost, the State of New Jersey is Plaintiff's chosen forum, regardless of whether this case was originally filed in state court. In most cases, "courts normally defer to a plaintiff's choice of forum," *id.* at 880 (citations omitted), and "the balance must tip strongly in favor of transfer before disturbing the plaintiff's choice," *Market Transition Facility of N.J. v. Twena*, 941 F. Supp. 462, 467 (D.N.J. 1996). Beyond this, however, Harris-Camden's claim arose in the State of New Jersey, even though this case is tangentially related to a public works project in Pennsylvania. The contract between Kuller and Harris-Camden provided for storage services at Harris-Camden's location in Camden, New Jersey, and for transportation of storage modules to and from the Pennsylvania site to Harris-Camden's premises. (Strauss Cert. ¶¶ 2–3). Moreover, the bond at the center of this case was issued by Travelers out of its office in Edison, New Jersey, (*id.* ¶ 9); Kullman is located in Lebanon, New Jersey, (*id.* ¶ 2); and the general contractor for the Pennsylvania project is based in Lyndhurst, New Jersey, (*id.* ¶ 5). This leads the Court to believe that the majority of the witnesses, books, and records in this case are likely based in New Jersey. Lastly, although two related cases are currently pending in the Eastern District of Pennsylvania, another related case is currently pending within this District, *see Cooper Elec. Supply Co. v. Travelers Casualty and Surety Co. of Am.*, No. 12-cv-359 (Pisano, J.). Therefore, Defendant's arguments concerning judicial economy carry little force.

After weighing all of the arguments presented by both parties, the Court is not convinced that Travelers has met its burden in establishing that the "alternative forum is not only adequate, but more convenient than the present forum." *Hudson United Bank v. Chase Manhattan Bank*, 832 F. Supp. 881, 888 (D.N.J. 1993), *aff'd*, 43 F.3d 843 (3d Cir. 1994). The courthouses in both Trenton and Philadelphia are less than 50 miles apart, which means there is likely only a "negligible difference in terms of convenience." *Market Transition Facility*, 941 F. Supp. at 468 (collecting cases) (taking judicial notice of the fact that only twenty miles separated the courthouses located in Newark, New Jersey and Brooklyn, New York); *see also Jumara*, 55 F.3d at 880 ("recogniz[ing] the validity" of other courts' concern that transfer of venue between two closely located courthouses is generally inappropriate). To the extent that this short distance does result in some inconvenience, "[i]f the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed." *Market Transition Facility*, 941 F. Supp. at 467 (quoting *Ballard Med. Prods. v. Concord Labs., Inc.*, 700 F. Supp. 796, 801 (D. Del. 1988)).

For the reasons stated above, Defendant has not met its burden in establishing that a transfer of venue is appropriate in this case.

Therefore, IT IS on this 5th day of March, 2012

ORDERED that Defendant Travelers Casualty and Surety Company of America's Motion to Transfer Venue [3] is DENIED.

                                                     */s/ Anne E. Thompson*
                                                     ANNE E. THOMPSON, U.S.D.J.